BEFORE THE FIRST DIVISION, JANUARY 26, 1961

**No. 65082.**—M. Pressner & Co. *v.* United States, protest 319778–K (New York).

OLIVER, Chief Judge: This protest relates to certain merchandise described on the invoice as "Plastic Camera Viewer" and identified therein as items 4835 and 4836. Duty was assessed thereon at the rate of 45 per centum ad valorem under the provision in paragraph 228(b) of the Tariff Act of 1930 for optical instruments. Plaintiff claims that the articles are properly dutiable at only 35 per centum ad valorem under the provision in paragraph 1513 of the Tariff Act of 1930, as modified by T.D. 52739, supplemented by T.D. 52820, for toys, not specially provided for.

The tariff classification of merchandise as toys is controlled by statutory definition set forth in paragraph 1513 of the Tariff Act of 1930 as follows:

PAR. 1513. * * * As used in this paragraph the term "toy" means an article chiefly used for the amusement of children, whether or not also suitable for physical exercise or for mental development. *The rates provided for in this paragraph shall apply to articles enumerated or described herein, whether or not more specifically provided for elsewhere in this Act.* [Italics supplied.]

The italicized portion of the foregoing statutory language points up the wide application to be given to the provisions governing tariff classification of merchandise as toys. The broad construction applicable to paragraph 1513, as originally enacted and as modified, was expressed in *Louis Wolf & Co., Bing Wolf Corp.* v. *United States*, 19 C.C.P.A. (Customs) 132, T.D. 45258, wherein our appellate court stated that "an *eo nomine* designation of an article in a provision not intended to include toys would not remove the article from the toy paragraph, if it in fact was a toy." Such a judicial construction was invoked in *United States* v. *Wanamaker*, 15 Ct. Cust. Appls. 310, T.D. 42485, wherein

toy steam engines were excluded from the *eo nomine* provision for "steam engines" and held to be properly classifiable as toys. It follows from the clear and unambiguous language of paragraph 1513, *supra*, as construed in the two cited cases, that even though the articles in question are optical instruments, as classified by the collector, they are properly classifiable as toys, as claimed by plaintiff, if they meet the controlling statutory requirement of being "chiefly used for the amusement of children."

Samples of the two items in question are in evidence (plaintiff's exhibits 1 and 2). An examination thereof discloses that they are small photographic viewers made of plastic, and attractively colored. One of them somewhat resembles the shape of a camera and is about 2 inches long, 1¼ inches high, and one-half of 1 inch in depth. The other is boxlike in shape and measures approximately 2½ inches long and five-eighths of 1 inch wide. Both of the articles have a plastic lens which, the parties have agreed, offers "some degree of magnification when one looks into it with the eye." (R. 9.) The back of each of the articles is slotted. Fitted into the slot is a piece of translucent plastic material to allow for the penetration of light over the viewing surface. The slot is made to permit the insertion of a tiny film strip, 1¼ inches long and five-eighths of 1 inch wide. The film strips—there are 12, depicting various indoor and outdoor scenes—used with the items in question were, at the time of importation, in a small paper or cardboard container attached to the back of each of these viewers. On one side of the cardboard container, there is prominently printed in different colors, "12 Pictures—Picture Viewer Box"; on the opposite side, there is a picture of two children using a viewer. On the sides of the container, there is printed "Picture Viewer Box."

Four witnesses testified. All appeared on behalf of plaintiff. Defendant offered no evidence. The combined, uncontradicted testimony of the witnesses, establishes, *prima facie* at least, that the articles involved herein are chiefly, if not exclusively, used by children for their amusement. The samples support the oral testimony. Here, as in all cases where the issue relates to toys, the samples are potent witnesses. The general appearance of the two items under consideration is that of a toy. Both articles are essentially playthings, designed for the amusement of children.

The case of *United States* v. *Loffredo Bros. et al.*, 46 C.C.P.A. (Customs) 63, C.A.D. 697, cited in defendant's brief, has no application herein. In that case, the merchandise consisted of a novelty item, composed of plastic and made to simulate a pair of binoculars, approximately seven-eighths of 1 inch in length, and having eyepieces about one-fourth of 1 inch in diameter. The merchandise was classified as an optical instrument and claimed to be dutiable under the provision for nonenumerated manufactured articles. The matter of classification as a toy, the sole question in this case, was not raised in the cited case, and, therefore, was not discussed therein. In the course of its decision, which sustained the collector's classification of the article as an optical instrument, the Court of Customs and Patent Appeals observed that similar merchandise had been involved in the case of *International Forwarding Co.* v. *United States*, 53 Treas. Dec. 981, Abstract 5788. There, the merchandise consisted of "two little articles of bone [each?] somewhat in the shape of one side of an opera glass" and was held to be classifiable an an optical instrument. The importance of the *International Forwarding Co.* case to the conclusion in the *Loffredo Bros. et al.* case, *supra*, was set forth by the appellate court, in its decision, as follows:

The decision of the *International Forwarding Co.* case was summarized at page 554 in the Summary of Tariff Information, 1929, which was before Congress when the paragraph here involved, 228(b) of the Tariff Act of 1930 (successor to paragraph 228 of the Act of 1922), was enacted. The two paragraphs, of the

1922 and 1930 acts respectively, use substantially identical language for the clause here in question, namely "* * * other optical instruments, * * * not specially provided for, * * *" and "* * * all optical instruments, * * * not specially provided for, * * *." Under these circumstances, indicating actual notice by Congress of the decision interpreting the Act of 1922, followed by the subsequent reenactment of substantially the same language in the Act of 1930, it is to be presumed that Congress ratified inclusion of the similar articles involved in the *International Forwarding Co.* case in the category "optical instruments." * * *

In this case, the facts and circumstances relating to the classification of the items in question do not present a condition comparable to that which prevailed in the *Loffredo Bros. et al.* case, *supra*. The issue now before us, with the line of essential proof, is materially different from anything considered in the said case. Furthermore, there is nothing associated with this case to cause the application herein of the principle of legislative ratification of judicial construction, which controlled the disposition of the *Loffredo Bros. et al.* case.

The case of *Laco Trading Co.* v. *United States*, 45 Cust. Ct. 336, Abstract 64769 (rehearing granted, Abstract 64984), also mentioned in defendant's brief, is clearly distinguishable. The merchandise involved therein was described as " 'OPLEN' Viewers model II." The issue was whether the articles were optical instruments, as classified, or microscopes, as claimed. There is nothing about that case to make it a subject of discussion herein.

On the basis of the present record, and for all of the reasons hereinabove set forth, we hold the merchandise in question, as heretofore identified, to be classifiable as toys and dutiable at the rate of 35 per centum ad valorem under paragraph 1513, as modified, as claimed by plaintiff.

To the extent indicated, the protest is sustained and judgment will be rendered accordingly.