BEFORE THE FIRST DIVISION, OCTOBER 10, 1962

**No. 67102.**—Laco Trading Co. *v.* United States, protest 58/7990 (Los Angeles).

OLIVER, Chief Judge: This protest relates to certain merchandise, described on the invoice as " 'OPLEN' Viewers model II" and assessed with duty at the rate of 45 per centum ad valorem under paragraph 228(b) of the Tariff Act of 1930, as optical instruments, not specially provided for. The case was the subject of our decision in *Laco Trading Co.* v. *United States*, 45 Cust. Ct. 336, Abstract 64769, wherein plaintiff's claim for classification of the merchandise under the provision for microscopes, not specially provided for, valued under $25 each, in paragraph 228(b) of the Tariff Act of 1930, as modified by T.D. 53865 and T.D. 53877, was overruled.

This protest comes before us at this time, pursuant to plaintiff's motion for rehearing which was granted (*Laco Trading Co.* v. *United States*, 45 Cust. Ct. 397, Abstract 64984), "solely for consideration of plaintiff's claim for classification of the merchandise under paragraph 353 of the Tariff Act of 1930" (order of December 21, 1960), which claim was not "relied on," as stated in counsel's brief in the original presentation of the case. Hence, we adhere to our original decision, Abstract 64769, *supra*, excluding the merchandise from the provision for microscopes in paragraph 228(b), as modified, *supra*, and limit the present discussion to plaintiff's claim for classification under paragraph 353, as modified by T.D. 52739, which, so far as pertinent, reads as follows:

Articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs, finished or unfinished, wholly or in chief value of metal, and not specially provided for:

  \*         \*         \*         \*         \*         \*

  Other (\* \* \*)_____ 13¾% ad val.

In our previous decision, Abstract 64769, *supra*, the article under consideration was described as follows:

The merchandise in question is a familiar item of photographic equipment. It is a viewer—bought and sold as such—that is designed, and exclusively used, for viewing color photographs fitted in a cardboard frame, the overall dimensions of which are 2 inches by 2 inches. Examination of the sample photograph slide in evidence (plaintiff's exhibit 3) shows that the color transparency is 1½ inches long by 1 inch wide, and that it is securely fitted into a cardboard frame, 2 inches square. Essential to the functioning of the viewer in question are the

optical component and an electrical system, which are enclosed in a conveniently shaped housing. The optical component consists of two lenses of 2-power magnification, whose sole purpose is to enlarge or magnify the color photograph on the slide being viewed. The electrical system includes two contracts, an upper and a lower, that go to a small electric bulb, which is fitted behind a translucent plastic substance, measuring 1½ inches by 1¼ inches, that spreads "the light evenly throughout the viewing surface" (R. 11) and serves as a background for the photographic slide being viewed. A switch, fitted to the base of the frame plate, activates the electrical energy supplied by two small batteries to light the electric bulb. The viewer in question functions by inserting a 2-inch by 2-inch slide in the slot at the top and exerting light finger pressure, causing the slide to press down on the "top contact which makes connection with the contact on the bottom which short-circuits the battery energy through the bulb, which produces the electricity." (R. 11.) The electrical system is essential to supply a source of light in the housing so the optical component can be useful in showing the slide.

At the trial, pursuant to the order granting plaintiff's motion for rehearing, plaintiff introduced additional testimony that is virtually supplementary of that offered at the original hearing in this case, showing that the slide viewer in question includes, as an essential feature thereof, an electrical element or device.

While paragraph 353, as modified, *supra*, provides for "Articles having as an essential feature an electrical element or device," it is limited in scope to such articles that are "wholly or in chief value of metal." This vital element of proof, to support plaintiff's claim, has not been supplied. The record herein is completely silent on that aspect of the present merchandise. Since plaintiff has failed to meet its burden of proving that metal is the component material of chief value in the slide viewer under consideration, its claim under said modified paragraph 353 cannot be sustained.

For all of the reasons stated in our original decision, Abstract 64769, as well as those hereinabove set forth, the protest is overruled in all respects and judgment will be rendered accordingly.